Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2685 | **DATE** | 4/16/2004 |
| **CASE TITLE** | USA vs. Andrew Traeger | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Order. Traeger's "ground one" as set out in Motion ¶14.A is summarily dismissed in accordance with Rule 4(b). The United States Attorney is ordered to file an answer or other pleading (again see Rule 4(b)) on or before May 28, 2004. At that time this court will be in a better position to determine the course of further proceedings, including the possibility of appointing counsel for Traeger as he has also requested.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 19 2004 | | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | | 4/16/2004 | |
| | Copy to judge/magistrate judge. | | | date mailed notice | |
| SN | courtroom deputy's initials | | | SN | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
                Plaintiff,      )
                                )
        v.                      )       No. ~~████████~~
                                )           04 C 2685
ANDREW TRAEGER,                 )
                                )
                Defendant.      )

DOCKETED
APR 1 9 2004

MEMORANDUM ORDER

Andrew Traeger ("Traeger") has just tendered a self-prepared
28 U.S.C. §2255 ("Section 2255") motion attacking his conviction
on charges of bank robbery and attempted bank robbery, pursuant
to which he is serving a 210-month sentence (which he also
challenges). This Court has conducted the preliminary
consideration called for by Rule 4(b) of the Rules Governing
Section 2255 Proceedings for the United States District Courts,
and this memorandum order reflects the results of that initial
consideration.

Traeger advances three categories of grounds for relief, the
first asserting that the sentence imposed on him by reason of his
"career criminal" status is illegal and should be reduced, the
second leveling several charges of misconduct on the part of the
government and the third urging a number of respects in which he
assertedly suffered ineffective assistance from more than one of
his lawyers. Although the first of those contentions is
incorrect on its face and may therefore be rejected out of hand,

the others call for a response from the United States Attorney to assist this Court in arriving at an appropriate disposition.

As for the "illegal sentence" claim, Traeger asserts in Motion ¶14.A that the State of Texas, where he committed and served substantial time for two felonies that played a role in causing him to be classified as a "career offender" under Sentencing Guideline ("Guideline") §4B1.1(a), have now been reclassified by Texas to a less serious category. But this Court need not look into whether Traeger is correct in that respect, for it is entirely irrelevant.

First, Guideline §4B1.2 expressly includes "burglary of a dwelling" within the "crime of violence" category that triggers the application of "career offender" status, and the cases are legion that teach that the concept of a "crime of violence" should be determined according to federal law and not state law (see, e.g., United States v. Jones, 335 F.3d 342 (7th Cir. 2000) as to the need to resort to federal law--and not state law--in construing other provisions of Guideline §§4B1.1 and 4B1.2). Relatedly, Taylor v. United States, 495 U.S. 575 (1990) teaches, in another area of the criminal law where "violent felony" plays a part (18 U.S.C. §924, which also implements the concept of "career offenders"), that "burglary" is to be given a broad generic meaning as a matter of federal law, independent of the labels attached by state laws and of the common law roots of that

2

crime. Accordingly, Traeger's "ground one" as set out in Motion ¶14.A is summarily dismissed in accordance with Rule 4(b).

As for the rest of Traeger's claims, this Court has not of course retained the bulky file that was the product of the extensive pretrial and trial proceedings and of Traeger's subsequent unsuccessful appeal. It may well be that some or all of Traeger's contentions can be addressed without the evidentiary hearing that he has requested, but to determine that this Court should hear in the first instance from the United States Attorney by way of an appropriate response. Accordingly the United States Attorney is ordered to file an answer or other pleading (again see Rule 4(b)) on or before May 28, 2004. At that time this Court will be in a better position to determine the course of further proceedings, including the possibility of appointing counsel for Traeger as he has also requested.

Milton I. Shadur
Senior United States District Judge

Date: April 16, 2004